OPINION
The instant case is an original action in which relator, Daniel E. Spaller, seeks the issuance of a writ of procedendo. As the sole basis for his petition, relator asserts that respondent, Judge James W. Jackson of the Lake County Court of Common Pleas, has miscalculated the amount of "jail-time" credit which he should be allowed to subtract from the ten-month sentence he is now serving in the Trumbull Correctional Institution. Relator further asserts that if respondent had properly calculated the jail-time credit, he would be entitled to be released immediately from prison.
Our review of relator's petition indicates that although relator states in the caption of the petition that he is seeking a writ of procedendo against respondent, his allegations support the conclusion that the ultimate relief he actually desires in this action is in the nature of a writ of habeas corpus. In essence, he contends that his present incarceration is unlawful because, if he is given credit for certain days he served in the Lake County Jail, he has already completed the sentence which was imposed in the underlying criminal case. Furthermore, in his prayer for relief, relator does not specifically request that an order be issued as to respondent; instead, he requests that an order be issued requiring the warden of the Trumbull Correctional Institution to release him.
Given the nature of the true relief relator seeks, it follows that his petition actually attempts to state a claim in habeas corpus. However, in reviewing the merits of prior habeas corpus claims, this court has consistently indicated that "the proper respondent in such a case is the jailor of the prison in which the petitioner is incarcerated." In rePerkins (Mar. 16, 2001), Trumbull App. No. 2001-T-0019, unreported, at 2. Thus, because relator in this case has failed to name the warden of the Trumbull Correctional Institution as the respondent, he cannot be given the specific relief he has requested in his petition. Stated differently, even if relator had framed his petition as one for a writ of habeas corpus, his petition is still subject to dismissal because he cannot obtain an order against an individual, i.e., the warden, who has not been made a party to the case.
Pursuant to the foregoing discussion, it is the sua sponte order of this court that relator's petition in procedendo in dismissed.
PRESIDING JUDGE DONALD R. FORD, JUDGE JUDITH A. CHRISTLEY, JUDGE ROBERT A. NADER.